IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GE CAPITAL SMALL BUSINESS
FINANCE CORPORATION                                                                APPELLANT

V.                                                                                                   CIVIL ACTION NO. 3:13CV101-NBB

OPERATORS INVESTMENT GROUP,
ROBERT A FRYAR, KATHY FRYAR, ET AL.                                  APPELLEES

## MEMORANDUM OPINION

Came on to be considered this day the appeal of a ruling of the United States Bankruptcy Court for the Northern District of Mississippi filed by GE Capital Small Business Finance Corporation ("GE Capital"). Upon due consideration and having been fully advised in the premises, the court is ready to rule.

### Factual and Procedural Background

This appeal arises from the bankruptcy court's March 6, 2012 order denying approval of a settlement agreement arising from a mediation of an adversary proceeding. Operators Investment Group ("OIG"), a partnership, along with the individual members of the partnership, filed suit against appellant GE Capital in the Circuit Court of Tippah County, Mississippi, asserting a claim of conversion based on the allegation that GE Capital, in the course of foreclosing on certain equipment in which it held a security interest, had seized and sold a piece of equipment known as a "drum debarker" which did not belong to GE Capital's debtor but instead was owned by OIG and leased to the debtor. GE Capital removed the case to the bankruptcy court as an adversary proceeding related to the Chapter 7 bankruptcy case of two of the OIG partners, appellees Robert and Kathy Fryar. The Chapter 7 trustee for the Fryars' case intervened in the adversary proceeding to protect the interests of the creditors.

During the mediation, the plaintiffs in the adversary proceeding agreed to settle their claims against GE Capital, and the trustee filed a motion joined by GE Capital for approval of the settlement agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The plaintiffs in that case (appellees here) filed an objection to the motion asserting that new evidence had come to light, after the mediation, that would show that the parties to the mediation were negotiating under a "mutual mistake" as to material issues impacting the settlement agreement. The bankruptcy court held a hearing on the motion to approve the settlement agreement and denied approval based on mutual mistake. GE Capital subsequently brought the present appeal.

The circumstances giving rise to the adversary proceeding began in November 2000, when GE Capital loaned money to Robert B. Fryar Sawmill & Lumber Company, Inc. ("Fryar Sawmill"), receiving as collateral a security interest in various equipment owned by Fryar Sawmill. When the borrower defaulted on the loan, GE Capital foreclosed on and sold equipment located on the premises of the sawmill's place of operation. One of the pieces of equipment seized and sold was the drum debarker referenced above which was owned, not by Fryar Sawmill, but by OIG. Thus, OIG and its partners brought the Tippah County action which was ultimately removed to the bankruptcy court.

The parties to this adversary proceeding agreed to a mediation early in the litigation. The trustee was represented by counsel at the mediation and was also attempting to negotiate a resolution of the drum debarker issues. He testified at the hearing that the drum debarker was appraised at around $700,000.00 but that the owners, the OIG partners, would start negotiations at $800,000.00 or $900,000.00. After many hours of negotiating, GE Capital presented

2

information to the OIG appellees and the trustee for the first time that a forensic documents expert had offered an opinion in a report that Robert Patterson, the representative of the seller of the drum debarker, had not signed the bill of sale transferring title to the drum debarker to OIG, implying that a forgery had occurred. GE Capital thus took the position at the mediation that OIG was not the proper owner of the drum debarker.

Robert Fryar testified at the hearing on the motion to approve settlement that he and his attorney had tried to find Mr. Patterson but had been unable to do so prior to the mediation. Mr. Fryar further testified that had he discovered Mr. Patterson prior to the mediation and had he been able to have the title validated, he would have refused to agree to settle for $37,750.00. With GE Capital's assertion that OIG did not own the drum debarker and with Mr. Patterson's absence, Mr. Fryar testified that he felt he had no choice but to settle for a fraction of the value of the equipment.

After the mediation but prior to the hearing on the motion to approve the settlement agreement, Mr. Fryar exerted considerable effort to locate Mr. Patterson and was ultimately successful. Mr. Patterson was then able to testify at the hearing as to the veracity of the documents transferring ownership from the seller to OIG. The bankruptcy court therefore found that a mutual mistake was present prior to the execution of the settlement agreement and that the agreement could not be approved.

## Standard of Review

In ruling on an appeal of an order entered in bankruptcy court, the district court reviews the legal conclusions of the bankruptcy court *de novo* and the court's findings of fact for clear error. *In re ASARCO, LLC*, 702 F.3d 250, 257 (5th Cir. 2012).

3

## Analysis

It is axiomatic that a contract may be set aside when the "parties enter into the contract under a mutual mistake in a material fact, and without which mistake the contract would not have been made." *Everett v. Hubbard*, 25 So. 2d 768, 770 (Miss. 1946).

The appellant asserts that to adopt the bankruptcy court's finding of a mutual mistake, the court would have to find that "prior to securing Patterson's testimony, the OIG partners, in light of the expert's opinion, mistakenly believed that they did not own the drum debarker and that Patterson's opinion corrected that mistake." The appellant argues that this is clearly not the case because the OIG appellees always maintained that OIG owned the drum debarker. The appellant states:

> First, assuming that the plaintiffs actually believed they owned the equipment before learning of the expert's opinion, there is no evidence that they changed their minds about that based on the expert's opinion, that they needed Patterson's testimony to confirm their belief, or that they understood the facts to be different from what Patterson said in his testimony.

The court is unpersuaded by the appellant's flawed rationale. The court finds that the parties to the settlement agreement were indeed negotiating under the mutual mistake that OIG either did not own the equipment or could not prove ownership due to Mr. Patterson's absence. A mutual mistake exists, and that mistake is clearly "material," as the drum debarker had been appraised at over $700,000.00, and Mr. Fryar testified that he would not have agreed to settle for $35,750.00 had he been able to prove ownership of the equipment at the time the parties were negotiating the settlement agreement. The bankruptcy court ruled accordingly in denying the motion for approval of the agreement, and this court finds that the bankruptcy court's ruling was proper and should be affirmed.

4

The court further finds that the appellant's motion to strike the trustee's brief and the trustee's motion to file brief out of time are moot.

### Conclusion

For the foregoing reasons, the court finds that the bankruptcy court was not in error and that its order of March 6, 2012, denying approval of the settlement agreement at issue in this case should be affirmed. A separate order in accord with this opinion shall issue this day.

This, the 27th day of March, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| GE CAPITAL SMALL BUSINESS FINANCE CORPORATION | APPELLANT |
| V. | CIVIL ACTION NO. 3:13CV101-NBB |
| OPERATORS INVESTMENT GROUP, ROBERT A FRYAR, KATHY FRYAR, ET AL. | APPELLEES |

### ORDER

In accordance with the memorandum opinion issued this day, it is **ORDERED AND ADJUDGED** that the appellant's motion to strike brief of trustee is **DENIED as moot**, that the trustee's motion to file brief out of time is **DENIED as moot**, and that the March 6, 2012 order of the United States Bankruptcy Court for the Northern District of Mississippi denying motion to approve settlement agreement is hereby **AFFIRMED**.

This, the 27th day of March, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**